In the Matter of the Estate of JOHN THOMAS WELSH, Also Known as JACK T. WELSH, Deceased.

Surrogate's Court, Queens County, December 20, 1939.

*William B. Butler*, petitioner.

*White & Case*, for the Guaranty Trust Company, **James L. Stoner** and Hume L. Brown, as executors and trustees.

HETHERINGTON, S. Petitioner, an attorney at law, seeks an order fixing his compensation for legal services rendered to Josephine Gerling in connection with the establishment and protection of her interests under decedent's will, and directing payment thereof. She has failed to appear or answer. The executors and trustees have appeared, but present no formal opposition to the application. Counsel, realizing that the beneficial and outright interests of his client are in such form and amount as not to permit the prompt satisfaction of his claim, asks that the executors and trustees be directed to pay his fee out of the corpus of a $25,000 trust fund held by them and of which she is the life beneficiary with a general beneficial power of appointment by will of the corpus thereof. The third paragraph of the will, in granting the respondent Gerling and other beneficiaries therein mentioned the power to appoint the funds held for their benefit, provides as follows: " and upon their respective deaths or in the event of their predeceasing me, to pay over, deliver and distribute the principal fund held for each beneficiary hereinbefore named, to such person or persons, natural or corporate, as he or she, in and by his or her last will and testament, shall have lawfully appointed and in the amounts and proportions so by him or her directed; and in default of such lawful testamentary appointment, the principal of the trust fund as it shall then consist, held for such beneficiary hereinbefore named, shall be transferred, paid over and distributed as though such beneficiary had died intestate, in accordance with the then laws of the State of New York."

No authority is submitted for the relief requested. There is none. In fact, where powers, equally as broad as that here considered, have been *exercised*, our appellate courts have decided that the appointed fund passes directly to the appointees from the estate

of the donor of the power, and that it is not subject to the debts of the donee. (*Cutting* v. *Cutting*, 86 N. Y. 522, 536; *Hirsch* v. *Bucki*, 162 App. Div. 659.) No estate, right, title or interest in the fund vests in the donee. If these principles are applicable when the power has been exercised, it cannot be conceived that the donee acquires any greater interests where it has not been exercised. Under the language of the will, the beneficiary has no power to perfect in herself a fee simple estate, or to transfer the property during her lifetime. She is not the owner of a legal estate but merely the beneficiary of a trust. In such circumstance a power of appointment does not involve that absolute power of disposition which is equivalent to a fee. (*Farmers' Loan & Trust Co.* v. *Kip*, 192 N. Y. 266; *Farmers' Loan & Trust Co.* v. *Mortimer*, 219 id. 290.)

In *Cutting* v. *Cutting* (*supra*) the court in describing a general beneficial power said (at p. 543): " It is a power to appoint by will, to whom the estate shall go, after the decease of the donee of the power. The choice of the future beneficiary is left to the judgment, to the inclination, nay even to the caprice of the donee of the power. A court of equity cannot frame a decree that can direct the execution of such a power for it cannot determine for the donee of the power who shall be the object that his judgment, inclination or caprice may select or turn to as the recipient of the estate. * * * Now there is nothing in the article ' of powers ' that looks to the compelling of the execution by the grantee of a power that is general and beneficial. * * * whether, then, the power will ever be executed is an event which may or may not happen." A general power of appointment is never coupled with a duty to make the appointment. No statute commands its exercise. No one has a right to enforce the power. Until the donee dies no one can tell whether she has validly exercised the power. Inasmuch as the power, if exercised, must be by will, which is ambulatory, it cannot become effective until the donee dies. To grant the relief requested would be an appropriation of decedent's property to pay the debts of another. There is no such direction in his will. To sanction it would be to defeat the intention of the donor who failed to give the donee any power to use, encroach upon, or appropriate the trust fund in her lifetime. He limited her interest in the fund to the income thereof. If the debt due the petitioner can be paid out of the fund, so can all creditors, and thus the same might soon become impaired, if not wholly extinguished. The fund must remain intact as intended by the testator. Inasmuch as petitioner performed no services to the trustees, or any which could be regarded as beneficial to the trust

estate, the request for payment out of the corpus must be and is denied.

The services rendered were performed pursuant to retainer. I find that the amount agreed to be paid represents fair and reasonable compensation for the work done. Counsel's compensation will, therefore, be fixed in the sum requested, and against which the client is entitled to a credit of $756.25. With respect to the funds of his client in his possession, petitioner may apply the same on account of his fee, as fixed. Inasmuch as there appear to be no other funds of the client presently available, the compensation remaining unpaid will be determined to constitute a primary lien upon her pecuniary interests in the estate. Application granted to the extent indicated. Submit order accordingly, on notice.